The zoning board of Stamford granted the application of the plaintiff for a change of zone for property located at Elm Street and Shippan Avenue. Under § 552.2 of the Stamford charter, "if the owners of twenty per cent or more of the privately-owned land located within five hundred feet of the borders of such area, file a signed petition with the zoning board," the decision would have no force or effect but would be referred to the board of representatives for approval or rejection. 26 Spec. Laws 1235. A petition was filed and the board of representatives rejected the change or amendment.
Although the legislature and rules committee of the board of representatives was notified of alleged irregularities and invalidities of signatures, it decided that the petition contained enough valid signatures to meet the requirements. Without any public notice or public hearing, the board rejected the amendment. The plaintiff has appealed that decision, claiming that the owners of 20 per cent of the land within 500 feet did not sign the petition and therefore the matter was not properly before the board. Other claims involve unconstitutionality of the action of the board and arbitrariness.
It has been stipulated that the amount of privately-owned land within 500 feet of the borders of the land involved is 968,500 square feet. Therefore, if the owners of 193,700 or more square feet of land within the 500 feet signed the petition, the board of representatives had the power to act under the charter. The signatures of the owners of approximately 131,000 square feet are not contested.
Some signers did not own land within the required 500 feet. Of the remaining signatures, four are claimed to be invalid because they are not the signatures of the actual owners. All the rest, except three pieces, involve land owned by tenants in common *Page 166 
and in joint tenancy wherein only one tenant in common signed and only one joint tenant signed. Three pieces involved were owned by life tenants. In two of those cases only the life tenant signed, and in the third only the remainderman signed.
The signatures of Mary Kralich, Maria Gaetani, Mrs. Joseph Faugno and Antoni Conte are not the signatures of those persons, and the names must be excluded from the petition. The first name was signed by a son without authority; the second was signed by a circulator of the petition; the third was signed by a son without permission; and the fourth by a daughter-in-law without permission. The total area owned by those four people is 64,440 square feet, which must be excluded from the petition.
Is a cotenant an "owner" within the meaning of the ordinance? That point was decided in the case of Warren v. Borawski, 130 Conn. 676. The ordinance in that case provided that if the owners of 20 per cent or more of the land within 500 feet of the property protested to a change of zone, the amendment had to be passed by a vote of not less than 5 members of the board and confirmed by a vote of not less than three-fourths of the common council. If a protest of a tenant in common was effective, the required 20 per cent would have been satisfied. The court (p. 681) stated: "[A] cotenant is not an `owner' when a petition for improvement is involved, and we hold that, . . . within the meaning of the ordinance in question those owning the entire interest in the property must join in order to make a valid protest." The court further stated that an executor or an administrator was not an "owner" within the meaning of the ordinance.
Within the meaning of the ordinance involved in this case, those owning the entire interest in the property must join to make a valid protest. With *Page 167 
the exclusion of those properties jointly owned and owned by tenants in common, the petition did not contain the signatures of owners of 20 per cent of the land within 500 feet. The property held in life tenancy is not sufficient in area to make up the required amount. For the purpose of this case, all owners of land held in life tenancy must also join. Therefore, the matter was not properly before the board of representatives.
It is unnecessary to pass upon the other claims.
 The appeal is sustained.