AUGUSTO MASONE ET AL. *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 9—decided July 11, 1961

*Joseph J. Tooher, Jr.,* for the appellants (plaintiffs).

*Donald F. Zezima,* with whom were *Ronald M. Schwartz* and, on the brief, *John C. Macrides,* for the appellee (defendant Bracchi).

*Mildred Weil,* for the appellees (defendants Calve et al.).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *Isadore M. Mackler,*

corporation counsel, for the appellee (named defendant).

BALDWIN, C. J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal to that court from a decision of the zoning board of Stamford. Prior to the dates hereinafter mentioned, a zoning map for the city of Stamford had been adopted and was in effect. On February 26, 1959, the zoning board approved an application of the defendant Emilie Woldan for an amendment to the zoning map as it affected premises owned by her. Stamford Charter § 552.1; 26 Spec. Laws 1235. Official notice of the board's decision was given on March 3, 1959. Stamford Charter § 555.1; 26 Spec. Laws 1237. On March 23, 1959, the plaintiffs having filed a petition of objection with the zoning board as provided for in the charter, the matter was referred to the board of representatives, the legislative body of the city. Stamford Charter § 552.2; 26 Spec. Laws 1235; see *Burke* v. *Board of Representatives,* 148 Conn. 33, 36, 166 A.2d 849. On May 4, 1959, the board of representatives rejected the amendment. On May 18, the defendant Emilie Woldan appealed from the decision of the board of representatives to the Court of Common Pleas. Stamford Charter § 556; 26 Spec. Laws 1238. The court sustained the appeal on February 23, 1960. *Woldan* v. *Stamford,* 22 Conn. Sup. 164, 164 A.2d 306. This had the effect of reinstating the decision of the zoning board. On March 10, 1960, the plaintiffs filed the present appeal from the original decision of the zoning board on February 23, 1959. The trial court dismissed the appeal for lack of jurisdiction.

Appeals from zoning authorities exist only under

statutory authority. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. Whenever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion. *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138; *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491; see *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. The Stamford charter provides two different procedures for the review of the action of the zoning board in amending the zoning map. The owners of 20 per cent or more of the property in the area included in the change, or within 500 feet of the borders of this area, may file with the zoning board, within ten days after the official publication of the board's decision, a petition objecting to the proposed amendment; thereafter, the amendment is referred to the board of representatives for its action. Stamford Charter § 552.2; 26 Spec. Laws 1235; see *Burke* v. *Board of Representatives,* supra, 35. An appeal lies to the Court of Common Pleas from the action of the board of representatives if the appeal is taken within fifteen days of that action. Stamford Charter § 556; 26 Spec. Laws 1238. An appeal from the action of the zoning board may be taken within twenty days directly to the Court of Common Pleas. Stamford Charter § 556; 26 Spec. Laws 1238; see *Burke* v. *Board of Representatives,* supra, 36.

The decision of the case turns upon an interpretation of § 556 of the charter.[1] This section contains

---

[1] "[Spec. Acts 1953, No. 619] Sec. 556. APPEALS. Except in those situations where a decision of the zoning board is referred to the board of representatives for action pursuant to section 552.2, 552.3

two sentences. The second sentence provides for an appeal to the Court of Common Pleas from the action of the board of representatives. The first sentence provides for a direct appeal to that court from the action of the zoning board. The language, "Except in those situations where a decision of the zoning board is referred to the board of representatives for action . . . , any person aggrieved by any such decision may appeal . . . to the court of common pleas," clearly indicates a choice of two different procedures. An appeal from the action of the zoning board to the Court of Common Pleas can be taken "except" in those situations where the decision of that board is referred to the board of representatives. The board of representatives, when acting upon a petition of objection, must be "guided by the same standards as are prescribed for the zoning board" in the charter. Stamford Charter § 552.3, 550; 26 Spec. Laws 1235, 1234.

That there is an appeal to the Court of Common Pleas from the action of the board of representatives as well as from the action of the zoning board manifests an intention that each of the procedures is to be complete in itself and exclusive of the other. Legislative provisions, like the one before us, fixing a relatively short time for instituting a review of the decision of an administrative agency by the courts, are necessarily designed to secure, in the

---

or 553.2 of this act, any person aggrieved by any such decision may appeal therefrom, within twenty days of the official publication of such decision, to the court of common pleas for the county of Fairfield. Any person aggrieved by a decision of the board of representatives or by a failure of that board to decide a matter referred to it within the prescribed time pursuant to section 552.2, 552.3 or 553.2 of this act may appeal therefrom within fifteen days of such decision or such expiration of prescribed time, whichever first occurs, to the court of common pleas for the county of Fairfield."

public interest, a speedy determination. *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 607, 13 A.2d 462. This design would be thwarted if the parties claiming to be aggrieved by the action of the zoning board could pursue the method of review provided for in § 552.2 to a finality and then take up the method provided for in § 556. The legislature could not have intended that a party to a successful petition to the board of representatives could, on reversal of the decision of the board of representatives by the court, seek a second hearing of the matter by then taking a direct appeal to the court. Courts must assume that the legislature intended a reasonable and rational result and must, when possible, construe statutes accordingly. *Bridgeport* v. *Stratford,* 142 Conn. 634, 644, 116 A.2d 508, and cases cited. Furthermore, the choice provided by the charter lies between remedies each of which is complete in itself and inconsistent with the other. See *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 479, 196 A. 344; *Manning* v. *State,* 123 Conn. 504, 515, 196 A. 777. No claim is made, and none could be made successfully, that these plaintiffs were unaware of their right to appeal from the action of the zoning board directly to the Court of Common Pleas. See *National Transportation Co.* v. *Toquet,* supra; *Masterton* v. *Lenox Realty Co.,* 127 Conn. 25, 30, 15 A.2d 11. Nor is any claim made that the relief which they sought in the procedure they adopted was necessarily unavailable to them. *National Transportation Co.* v. *Toquet,* supra; *Masterton* v. *Lenox Realty Co.,* supra; *Samasko* v. *Davis,* 135 Conn. 377, 382, 64 A.2d 682.

We conclude that the Court of Common Pleas lacked jurisdiction to entertain the plaintiffs' appeal for two reasons: (1) The plaintiffs, having

elected to proceed under § 552.2 of the charter for a review of the decision of the zoning board by the board of representatives, cannot also appeal under § 556 directly to the Court of Common Pleas from that decision; (2) the appeal of the plaintiffs, had they elected the latter course, should have been taken within the twenty days provided for by § 556.

There is no error.

In this opinion the other judges concurred.