MORRIS WEINSTEIN *v.* ZONING BOARD OF THE
CITY OF STAMFORD
(13809)

HEALEY, SHEA, GLASS, COVELLO and HULL, Js.

Argued December 7, 1989—decision released April 3, 1990

*Isadore M. Mackler,* for the appellant (plaintiff).

*James V. Minor,* assistant corporation counsel, with
whom, on the brief, was *Mary E. Sommer,* for the
appellee (defendant).

SHEA, J. The plaintiff, Morris Weinstein, appealed to the Superior Court from the action of the defendant zoning board of Stamford in changing the zoning classification of his property from commercial to multi-family residential.[1] After a joint trial of this and four other related cases, the court dismissed this appeal, as well as a similar appeal that had been taken directly from the zoning board, for lack of subject matter jurisdiction. The court concluded that the Stamford charter does not authorize an appeal directly to the court when other property owners, who have been affected by the same action of the zoning board, have petitioned for referral of the matter to the board of representatives, the legislative body of the city of Stamford. In the three remaining cases, appeals had been taken from the board of representatives following a referral to that body of the zoning amendments approved by the zoning board. The trial court's remand of those cases for further proceedings before the board of representatives is the subject of additional appeals pending in this court.

For the purpose of this appeal, the facts, which are undisputed, may be summarized briefly. On March 11, 1985, as part of an extensive rezoning of the city of Stamford, the zoning board, after a public hearing, approved eight applications for zone changes that the board itself had proposed. One of the applications, pertaining to the "Downtown/Bull's Head" neighborhood, included a change of zone for the plaintiff's property at 480 Bedford Street from C-L, a limited business zone allowing certain commercial and residential buildings, to R-H, a high density residential district of varying dwelling unit density, depending upon the size of the lot. The area encompassed in this application extended

---

[1] The complaint alleges that the plaintiff owns property known as 480 Bedford Street, Stamford, which was located within a C-L Limited Business District for twenty years prior to March 11, 1985, when its zoning classification was changed to R-H Multiple Family Residence District.

approximately two miles from north to south and varied between one half mile and one mile from east to west. It included many properties located in different zones and devoted to diverse uses.

Several other owners of properties included in the "Downtown/Bull's Head" rezoning proposal filed petitions concerning the zoning classifications of their properties that the zoning board had approved, and, pursuant to the Stamford charter, the board of representatives acted upon their objections to the proposed zone changes as applied to their properties. Three of those owners appealed from the determinations made by the board of representatives and those appeals were consolidated for trial with the appeal of the plaintiff, which had been taken directly from the zoning board.

In dismissing the plaintiff's appeal from the zoning board, the trial court concluded that the petitions filed by the three other property owners, whose appeals from the board of representatives were tried as companion cases, had resulted in depriving the amendments approved by the zoning board of any "force and effect," until the board of representatives had either approved or rejected those amendments, as § C-552.2[2] of the

[2] Section C-552.2 of the Stamford charter provides: "Referral to Board of Representatives by Opponents of Proposed Amendment to Zoning Map After the Effective Date of the Master Plan.

"After the effective date of the Master Plan, if twenty percent or more of the owners of the privately-owned land in the area included in any proposed amendment to the Zoning Map, or if the owners of twenty percent or more of the privately-owned land located within five hundred feet of the borders of such area, file a signed petition with the Zoning Board, within ten days after the official publication of the decision thereon, objecting to the proposed amendment, said decision shall have no force or effect but the matter shall be referred by the Zoning Board to the Board of Representatives within twenty days after such official publication, together with written findings, recommendations and reasons. The Board of Representatives shall approve or reject such proposed amendment at or before its second regularly-scheduled meeting following such referral. When acting upon such matter the Board of Representatives shall be guided by the same

Stamford charter expressly provides. Relying also on § C-556[3] of the charter, which excepts from the right to appeal from the zoning board "those situations where a decision of the Zoning Board is referred to the Board of Representatives" and also creates a right to appeal from decisions of the latter board, the court decided that it had no jurisdiction over the subject matter of the plaintiff's appeal. Because General Statutes § 8-10[4]

standards as are prescribed for the Zoning Board in Section C-550 of this Act. The failure of the Board of Representatives either to approve or reject said amendment within the above time limit shall be deemed as approval of the Zoning Board's decision."

Parallel provisions staying the effect of a zoning board decision, once a petition has been filed referring the matter to the board of representatives, apply to such referrals by "proponents of proposed amendments to zoning map after the effective date of the master plan"; § C-552.3; and by "opponents or proponents of amendments to the zoning regulations, other than the zoning map, after the effective date of the master plan." Section C-553.2.

[3] Section C-556 of the Stamford charter provides: "Appeals.

"Except in those situations where a decision of the Zoning Board is referred to the Board of Representatives for action pursuant to Section C-552.2, C-552.3, or C-553.2 of this act, any person aggrieved by any such decision may appeal therefrom, within fifteen days of the official publication of such decision, to the Superior Court, Judicial District of Fairfield. Any person aggrieved by a decision of the Board of Representatives or by a failure of that Board to decide a matter referred to it within the prescribed time pursuant to Section C-552.2 C-552.3 or C-553.2 of this act may appeal therefrom within fifteen days of such decision or such expiration of prescribed time, whichever first occurs, to the Superior Court, Judicial District of Fairfield."

[4] "[General Statutes] Sec. 8-10. APPEALS PROCEDURE TO APPLY TO ALL MUNICIPALITIES. The provisions of section 8-8 and 8-9 shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."

The trial court did not address General Statutes § 8-10 in its memorandum of decision and the record does not disclose whether this statute was called to its attention. Because jurisdiction is implicated, however, we must consider the statute, whether or not it was raised in the trial court.

provides for a uniform right of appeal that supersedes any conflicting charter provisions on which the court may have relied, we find error and remand the case for further proceedings.

General Statutes § 8-8 prescribes the procedure for appealing from decisions of a zoning board of appeals. General Statutes § 8-9 allows appeals from zoning commissions and planning and zoning commissions to be taken to the Superior Court "in the manner provided in section 8-8." Section 8-10 declares that these provisions "shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."

The defendant zoning board does not contest the force of § 8-10 in overriding any inconsistent provisions of the Stamford charter, but maintains that the statute is inapplicable to the plaintiff's appeal because the "final zoning authority" in Stamford is the board of representatives once a petition is filed by opponents of a proposed amendment to the zoning map pursuant to § C-552.2 of the charter. It is true that, for a person who has filed a petition referring an amendment adopted by the zoning board to the board of representatives for approval or rejection, the "final zoning authority" is that body and not the zoning board. In *Masone* v. *Zoning Board,* 148 Conn. 551, 555, 172 A.2d 891 (1961), we declared that § C-556 of the charter "clearly indicates a choice of two different procedures." "Furthermore, the choice provided by the charter lies between remedies each of which is complete in itself

and inconsistent with the other." *Masone* v. *Zoning Board,* supra, 556. Accordingly, we held that a party to a successful petition to the board of representatives could not, on reversal of the decision of the board of representatives by the court, pursue the alternative remedy of a direct appeal to the court. Id. Implicitly this court in *Masone,* by sanctioning the "choice" of a direct appeal from the zoning board, recognized that the Stamford zoning board was the "final zoning authority" when a person chose to appeal directly to court rather than pursue the alternative of a referral to the board of representatives.

Furthermore, § 8-10 refers to a zoning board of appeals and a zoning commission as in pari materia with a "final zoning authority" of a municipality. The Stamford zoning board performs the same functions as a zoning commission created pursuant to General Statutes § 8-1 and exercises an authority parallel to that given a zoning commission by General Statutes § 8-2 to enact and amend zoning regulations, subject to the possibility of a timely referral to the board of representatives. Indeed, this court has previously noted the similarity between the Stamford zoning board and a zoning commission established under the General Statutes by remarking that, "[o]nce a zoning commission has adopted zoning regulations . . . the municipality is powerless to amend them. . . . The legislative intent expressed in the Stamford charter modifies this principle by enabling the board of representatives to approve or reject any amendment by the zoning board to the zoning map or regulations, if proper and timely objection is made." (Citation ommitted.) *Burke* v. *Board of Representatives,* 148 Conn. 33, 43, 166 A.2d 849 (1961).

The defendant zoning board also relies upon our decision in *Conto* v. *Zoning Commission,* 186 Conn. 106, 115–18, 439 A.2d 441 (1982), in which we declared that

§ 8-10 did not conflict with town zoning regulations providing for an appeal from its zoning commission, which had acted in an administrative capacity by granting a permit to use a building as a restaurant, to the board of zoning appeals, another administrative agency of the town. We held that § 8-10 did not excuse the failure of an opponent of the application for the permit to exhaust the administrative remedy established by the zoning regulations and that his appeal to the court directly from the granting of the permit by the zoning board was properly dismissed for lack of jurisdiction.

The present case is distinguishable from *Conto* in two significant respects. First, both the Stamford zoning board and its board of representatives act in their legislative capacities with respect to the amendment of zoning regulations, the subject of this litigation. *Burke* v. *Board of Representatives,* supra, 35–36, 38–41. The petition for referral to the board of representatives cannot, therefore, be characterized as an administrative remedy to which the exhaustion requirement would pertain. Second, we have previously held in *Masone* that the Stamford charter gave a "choice" of two alternative remedies, necessarily implying that a person aggrieved was free to elect between them and not have the "choice" made for him by others.

We conclude that the zoning board of Stamford is the "final zoning authority" within the intent of § 8-10 for those, such as the plaintiff, who have not exercised the alternative of petitioning for a referral to the board of representatives.[5] It is clear, therefore, that the plain-

---

[5] We are not unmindful of the fact that an appeal taken to the Superior Court directly from the Stamford zoning board may be rendered moot by the action of the board of representatives on a petition referring a proposed amendment, which is also the subject of a direct appeal, for its approval or rejection. If the result of the vote of the representatives or

tiff was entitled to appeal from the action of the zoning board to the Superior Court pursuant to § 8-10.

There is error, the judgment dismissing the appeal is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.

any appeal taken from the action of the board is to moot a pending appeal, such as that of the plaintiff, that appeal would, of course, have to be dismissed.

We also realize that it would be inappropriate for the trial court to decide the merits of the plaintiff's appeal until the issues raised in the three companion appeals from the board of representatives have been resolved and the action of that board has been finalized. Such considerations, however, relate to the appropriateness of a stay of a pending appeal rather than to subject matter jurisdiction.