[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Upjohn Company ("Upjohn") appeals from the decision of the defendant North Haven Board of Zoning Appeals ("Board") refusing to consider its appeal from actions of the North Haven Planning and Zoning Commission ("Commission") and denying its application for a zoning variance.
I. Appeal of Denial of Permits and Site Approvals
The plaintiff has established aggrievement. Upjohn alleges that it sought review by the Board of the Commission's denial of its applications for approval of a site improvement plan, of a coastal site plan, and of its applications for issuance of a fill permit and an excavation permit related to its plan to install a permanent cap on an existing pile of chemical sludge on its property at 410 Sackett Road in North Haven.
The Board ruled that it lacked jurisdiction to entertain an appeal from the Commission's actions as to the applications.
The applications are the same four applications that were the subject of a direct appeal by Upjohn to this Court in The Upjohn Company v. The Planning Zoning Commission of the Town of North Haven, Docket No. 305776, J.D. of New Haven at New Haven. A memorandum of decision was issued in that administrative appeal on March 28, 1991 upholding the actions of the Commission with regard to all four applications. The Commission denied all of the applications on the ground that they constituted a project designed to make permanent a use of the site which was not authorized by the zoning regulations.
Upjohn now claims that its right of review was not the direct appeal from the Commission's action that it in fact took to this Court and pursued to conclusion, but rather an appeal to the Board, which it claims erroneously refused to adjudicate the appeal on the ground that it lacked CT Page 3777 jurisdiction to do so.
Section 8-8 (b) C.G.S. provides that except in certain circumstances not applicable here, "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." "Board" is defined at section 8-8 (2) as including a municipal zoning commission, planning commission, and combined planning and zoning commission.
Despite having already recognized the applicability of section 8-8 (b) to appeals from a Commission's denial of application for site plan approval by in fact taking an appeal pursuant to that statute, Upjohn now contends that the Zoning Board of Appeals had jurisdiction to consider the appeal from the Commission's denial of the same applications. Upjohn cites section 11.6 of the North Haven Zoning Regulations, which provides that "[t]he Zoning Board of Appeals shall have the following powers and duties:
 To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the agent of the Commission or any other official charged with the enforcement of these Regulations."
On its face, the above regulation plainly provides for an appeal to the Board from the actions of the zoning enforcement officer. The reference to "any official charged with the enforcement of these Regulations" cannot reasonably be interpreted to include the individual Commissioners, since the Commission enforces the regulations only when it acts collectively as a Commission, not through actions of individual members. See section 3.27.1 of the regulations. The regulation, on its face, does not provide for an appeal to the Board from actions of the Commission as a whole.
Upjohn argues that Conto v. Zoning Commission, 186 Conn. 106
(1987) applies to the situation at issue. Its argument overlooks the fact that the zoning regulations under discussion in Conto specifically provided that the Washington, Connecticut, zoning board of appeals was empowered "[t]o hear and decide appeals where it is alleged that there is an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Conto, at 113. (Emphasis added). The court in Conto construed section8-6 C.G.S. as authorizing a town to allow direct enforcement of zoning regulations by its commission as well as by an enforcement officer and found that Washington could permissibly provide for administrative review by the Board of CT Page 3778 the Commission's enforcement actions. It therefore found, at page 114, that "[s]ince the Washington zoning board of appeals affords the plaintiff an avenue for relief, she must, according to well-established principles of zoning law, exhaust that remedy before appealing to a court of law." After indicating, at page 117, that Washington was free to provide a right of appeal from the Commission to the Board in certain circumstances, the court in Conto certainly did not rule that section 8-8, section 8-9 or any other statute required a zoning board of appeals to provide for an intermediate appeal before a party could appeal to the Superior Court from a commission's ruling, nor that any statutes would be construed to require such an intermediate appeal, nor that the administrative actions of a commission that can be characterized as "enforcement actions" give rise to an appeal to the zoning board of appeals even if the local regulations do not provide for such an appeal.
Some trial judges have interpreted Conto to mean that a party aggrieved by an action of a zoning commission that can be characterized as an administrative action must appeal to the town's zoning board of appeals whether or not the town's regulations provide for such an appeal. See Ogalin v. Planning and Zoning Commission of Oxford, CV89 028310S (Judicial District of Milford, June 6, 1990); Castellan v. Board of Zoning Appeals of Branford, CV 291342 (New Haven Judicial District, June 7, 1990). However, in Flaim Enterprises, Inc. v. Town Plan and Zoning Commission of the Town of Orange, CV 205860 (New Haven Judicial District, February 27, 1991), construing regulations very similar to those of North Haven, the court found that Conto did not require an appeal to the zoning board after a zoning commission had reviewed the plaintiff's site plan application.
The best available indication of the intended scope of Conto is provided by the Supreme Court's own analysis of that holding in Weinstein v. Zoning Board, 214 Conn. 400 (1990). Construing the charter of the City of Stamford, which provides for an appeal to the Stamford Board of Representatives from the zoning board's classification of property under the municipal zoning designations, the Supreme Court stated that such a provision was superseded by the "uniform right of appeal" to Superior Court provided by section 8-10 C.G.S. The Supreme Court distinguished the outcome from Conto by stating that the holding in that case was that section 8-10 "did not conflict with town zoning regulations providing for an appeal from its zoning commission, which had acted in an administrative capacity by granting a permit to use a building as a restaurant." CT Page 3779 Weinstein, supra, at 406. The Court characterized its own holding in Conto as follows:
 We held that section 8-10 did not excuse the failure of an opponent of the application for the permit to exhaust the administrative remedy established by the zoning regulations and that his appeal to the court directly from the granting of the permit by the zoning board was properly dismissed for lack of jurisdiction.
In Weinstein, the Court indicated that an appeal from the zoning commission to another entity other than the court is required only if two conditions are present: the zoning event is administrative and the body identified as having jurisdiction to review the decision is in the nature of an administrative remedy and local law provides for resort to the second entity. In both Conto and Weinstein, local law provided for resort to a second entity of local government. In Weinstein, however, the function of the board of representatives was seen as a legislative amendment of the zoning map, not an administrative review, and the court therefore determined that resort to the board of representatives was not properly characterized as an administrative remedy to which the doctrine of exhaustion would pertain. Weinstein, supra, at 406.
Contrary to the lower court's rulings cited above, the Supreme Court has not held that in the absence of local law requiring an administrative appeal to a second zoning authority, such an appeal is required.
After Conto, the appellate courts have in fact reached the merits of cases in which a zoning commission's decision regarding site plans was brought directly to the Superior Court. See, e.g., TLC Development, Inc. v. Planning and Zoning Commission, 215 Conn. 527 (1990); Schwartz v. Planning and Zoning Commission, 208 Conn. 146 (1988).
In the absence of regulations authorizing an appeal from the action of the Commission to the Board, the Board had no jurisdiction to review the denial of Upjohn's applications, and the Board's determination to that effect was correct.
II. The Application for a Zoning Variance
At the same time that it sought Board review of the Commission's denial of its four applications, Upjohn applied for a variance to enable it to cap the sludge pile. Specifically, the application was worded as follows: CT Page 3780
 In the event the foregoing Appeal is not sustained, the applicant respectfully asks that section 3.27.1 and any other sections of the [zoning] Regulations which prohibits the applicants [sic] implementation of the Closure Plan be varied so as to enable the Planning and Zoning Commission to approve Upjohn's application for Site Plan approval, Coastal Management Site Plan approval, Excavation Permit and Fill Permit irrespective of any other alleged zoning violation.
More succinctly stated, Upjohn sought a variance to allow it to use its property for the outdoor storage of chemical sludge, a use not authorized by the zoning regulations applicable to the zone in which the property is located.
Upjohn alleged that by construing its own regulations in a manner that required removal of the sludge pile, the Board imposed a hardship on Upjohn, which favored instead the capping of the pile according to a closure plan approved as an acceptable solution to environmental concerns by the Connecticut Department of Environmental Protection ("DEP") and the federal Environmental Protection Agency ("EPA"). Those agencies had not indicated that capping the pile was the only acceptable option and Upjohn has not demonstrated that the agencies have disapproved any proposal to remove the pile.
This court has recently determined that the use of the Upjohn site for storage of chemical sludge constitutes a use not permitted by the zoning regulations of the Town of North Haven. Upjohn Company v. North Haven Planning and Zoning Commission, Docket No. 86-25 06 32 (February 22, 1991) at pages 15-18. Upjohn has not asserted that its use predated the regulations setting forth the permitted used in the zone in which its property is located.
A zoning board may grant a variance to permit a use not permitted pursuant to zoning regulations only when two conditions are satisfied: 1) the variance must be shown not to affect substantially the comprehensive zoning plan; and 2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988); Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709
(1988); Whittaker v. Zoning Board of Appeals, 179 Conn. 650,655 (1980); Smith v. Zoning Board of Appeals, 174 Conn. 323, CT Page 3781 326 (1978); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195,204 (1989).
Upjohn has not demonstrated that it satisfied the criteria applicable for a showing of hardship. The hardship that justifies a zoning board of appeals in granting a variance must be one that originates in the zoning ordinance and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Pollard v. Zoning Board of Appeals,186 Conn. 32, 39 (1982); Abel v. Zoning Board of Appeals,172 Conn. 286, 289 (1977); Booe v. Zoning Board of Appeals,151 Conn. 681, 683 (1964); McMahon v. Board of Zoning Appeals,140 Conn. 433, 442 (1953); Misuk v. Zoning Board of Appeals,138 Conn. 447, 481 (1952); Devaney v. Board of Zoning Appeals, 132 Conn. 537, 544 (1946).
As the Connecticut Supreme Court stated in Pollard, supra, at 40, "[s]elf-inflicted or self-created hardship . . . is never considered proper grounds for a variance," citing 2 Yokley, Zoning Law and Practice (3d ed.) section 15-8, p. 159.
The Board was justified in concluding that Upjohn had voluntarily created the pile of sludge after the enactment of the zoning regulations and had thus created its own hardship. Upjohn's argument that the town's enforcement of its zoning regulations is the cause of the hardship is an exercise in twisted logic. If zoning enforcement were construed to be a source of hardship for purposes of review of applications for variances, all variances would, according to this circular logic, have to be granted. The Board was not required to allow Upjohn to make permanent, through its applications to cap the pile, a use that was illegal. The cited case law concerning self-inflicted hardship signals that Upjohn's approach has not been judicially adopted. The Board correctly determined that Upjohn had not met the standards for the granting of a variance.
The appeal is dismissed.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT