[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Merrill Carr, brings this appeal pursuant to Conn. Gen. Stat. Sec. 8-8 from a decision of the Somers Zoning Board of Appeals (hereinafter "Board") denying his appeal of a cease and desist order issued by the Somers Zoning Enforcement Officer on September 21, 1989 ordering him to stop using his premises as a public dirt bike race track without the appropriate zoning permit. (Complaint, paras. 2, 3; Defendant's brief, pp. 2-3; Record Item 12).
On December 13, 1989, the Board held a hearing on the plaintiff's appeal. (Record Items 22, 23, 24, 25). Notice of the Board's decision denying the appeal was published on December 22, 1989. (Complaint, para. 5; Record Item 25). The plaintiff served this appeal upon the defendants on January 8, 1990, seventeen days after publication, and filed the appeal with the court on January 16, 1990. (See Sheriff's return; file stamped Summons).
A hearing was held before this Court on April 18, 1991. At the hearing, the parties did not raise the issue of the timeliness of this appeal, but rather proceeded on the merits. However, a failure to take an appeal within the statutory time limits goes to subject matter jurisdiction; see Cardoza v. Zoning Commission, 211 Conn. 78, 81-82 (1989); and a lack of subject matter jurisdiction cannot be waived. Monroe v. Monroe, 177 Conn. 173, 177 (1979), appeal dismissed, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14
(1979). Whenever a lack of subject matter jurisdiction comes to the court's notice, the court can dismiss the proceeding upon its own motion. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702 (1989); see Masone v. Zoning Board, 148 Conn. 551, 554 (1961).
Appeals from zoning authorities exist only under statutory authority. Masone, 148 Conn. at 553-54. "`A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283 (1985), quoting Farricelli v. Personnel Appeal Board, 186 Conn. 198, 201 (1982).
Conn. Gen. Stat. Sec. 8-8(a) (rev'd to 1989), which was in effect at the time of the appeal to the Board and which governs this appeal, provided that any person aggrieved by CT Page 6007 any decision of a board "may, within fifteen days from the date when notice of such decision was published in a newspaper. . . take an appeal to the superior court. . ." Conn. Gen. Stat. Sec. 8-8 has since been amended to clarify a split of authority in the superior courts as to whether the appeal must be served upon the opposing parties within the fifteen day period or whether the appeal must be filed with the court within that period. See 33 H. Proc., pt. 15, 1990 Sess., pp. 5124-25. The statute now provides that the appeal shall be commenced by service of process within fifteen days from the date that notice of the decision was published. See Conn. Pub. Acts. No. 90-286, Sec. 1 (1990), now Conn. Gen. Stat. Sec. 8-8(b).
Conn. Pub. Acts. No. 90-286, Sec. 3, effective June 8, 1990 provided,
 (a) any appeal of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to file such appeal with the superior court within fifteen days of the publication of the notice of such decision, is validated.
When this bill came before the Senate, Senator Avallone explained that "the bill is the clarification of the time period for filing an appeal of the decision of a local land use board with the Superior Court, validate appeals which were served within the statutory fifteen day period, but were not filed with the Clerk of the Court within that time." 33 S. Proc., pt. 8, 1990 Sess., p. 2523. Although this appeal was pending as of the effective date of the validating statute and the plaintiff failed to file the appeal within fifteen days of the publication date, this appeal falls outside the intended scope of the validating statute because the plaintiff also failed to serve the defendants within the statutory fifteen day period. Since the plaintiff failed to either file or serve the appeal within fifteen days of the date that notice of the decision of the Board was published, this Court lacks jurisdiction to consider this appeal.
It should also be noted that two of the intervening days in the fifteen day appeal period were holidays. However, Conn. Gen. Stat. Sec. 8-8 makes no provision for excluding holidays from the computation of the fifteen day period, nor does any other statute exclude Sundays or holidays from the computation of time. CT Page 6008
 It is a general rule, which in some jurisdictions is prescribed by statute, that, in the absence of statutory expression of an intention to the contrary, intervening Sundays, that is Sundays which fall on neither the first nor last days, are to be included in computing a period of time, and a similar rule is applicable where holidays intervene, including Saturday half holidays.
86 C.J.S. Time Sec. 14(4) (1954, as updated to 1991). A legal holiday is not to be excluded from the computation of time. Alcorn ex rel. Dawson v. Gleason, 10 Conn. Sup. 205,209-10 (C.P. 1941). "Intervening nonterminal days in which the clerk's office is not open are immaterial." Small v. Norwalk Savings Bank, 205 Conn. 751, 758 (1988). Even though two of the intervening days in the fifteen day period were holidays, those days are still counted in computing the time for bringing this appeal.
CONCLUSION
This Court dismisses this appeal for lack of subject matter jurisdiction because the plaintiff failed to either file or serve the appeal within fifteen days of the date of the publication of notice of the Board's decision.
Judge PHILIP DUNN Superior Court Judge