[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 3, 1991, the plaintiff applied to the Commission for approval of a zone change. (Return of Record, [hereinafter "R.O.R.", Item 1]). The plaintiff proposed a zone change from a planned development district to a Residence R-1 for a parcel of land located on the west side of Stanton Road and east side of South Street in East Haven, Connecticut. (R.O.R., Item).
A public hearing concerning the application was opened on January 8, 1992. (R.O.R., Item 5). During the course of the hearing, a protest petition was filed pursuant to General Statutes 8-3(b). The hearing was then closed at 9:40 p.m. (R.O.R., Item 5).
At a public hearing on March 4, 1992, a vote was taken, three to one in favor of the zone change, with one abstention, and the Commission denied the zone change for failure to receive the requisite two-thirds affirmative vote required under 8-3(b) (R.O.R., Items 6, 8).
Plaintiff now appeals from the Commission's decision on the grounds that:
 a. The protest petition was invalid in that it did not contain the signature of at least twenty (20%) percent of the owners of the real estate located within five hundred (500 ft.) feet of the proposed zone change.[1]
 b. The Appellee abused its discretion in permitting testimony in opposition to the zone change at the March 4, 1992 meeting after the hearing had been declared closed on January 8, 1992.
c. The Appellee abused its discretion and CT Page 6045 violated due process of law by accepting testimony after the closure of the public hearing without affording the Appellant an opportunity to be heard.
(Plaintiff's Complaint, para. 9).
On June 25, 1992, the adjoining landowners filed a motion to intervene. The motion to intervene was granted by the court, Fracasse, J., on November 3, 1992.
The Commission and Intervenors admit that the plaintiff is the owner of the subject property. As such the plaintiff is aggrieved. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991).
Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4,16, 526 A.2d 1311 (1987); DeMilo v. West Haven, 189 Conn. 671,681-82 n. 8, 458 A.2d 362 (1983). The only issue briefed by the plaintiff is that of the validity of the protest petition. The other issues are abandoned. The plaintiff so conceded at oral argument.
General Statutes 8-3(b) authorizes the filing of protest petitions. Section 8-3(b) provides, in relevant part, that:
 [i]f a protest against a proposed change is filed at or before a hearing with the zoning commission, signed by the owners of twenty percent or more of the area of the included in such proposed change or of the lots within five hundred feet in all directions of the property included in the proposed change, such change shall not be adopted except by a vote of two-thirds of all the members of the commission.
(Emphasis added.) General Statutes 8-3(b). The plaintiff asserts that the owners of twenty percent of the area of lots within 500 feet of the property involved in the proposed change did not sign the protest petition, and therefore, the petition is not valid.[2] The Commission adopts the plaintiff's argument. Specifically, the plaintiff argues that because the protest petition was signed only by Robert Peat, and not his wife, Rita CT Page 6046 Peat, the protest petition is not valid. The intervenors argue that Mr. Peat's signature was also sufficient to represent his wife's ownership interest. All the parties agree that the outcome of this issue is dispositive of this appeal. Thus framed the issue before the court is a narrow one.
"[A] cotenant is not an `owner' . . . , those owning the entire interest in the property must join in order to make a valid protest." Warren v. Borawski, 130 Conn. 676, 681, 37 A.2d 364
(1944); Woldan v. Stamford, 22 Conn. Sup. 164, 166, 164 A.2d 306
(C.P. 1960). Thus, where the protest petition is signed by only one cotenant, those properties jointly owned are excluded when determining the validity of the protest petition. Woldan, supra, 166.
However, the courts have suggested that a person other than an owner may sign the protest petition on the owner's behalf so long as the person is acting as an authorized agent of the owner and signs the petition as such. See Warren, supra, 682; Ball v. Town Planning and Zoning Commission of Windsor, 146 Conn. 397,402, 151 A.2d 327 (1959); Woldan, supra, 166; Kirkham v. Finnemore, 16 Conn. Sup. 38, 42 (Super.Ct. 1948). In Warren v. Borawski, supra. protest petitions were filed with the town common council. One of the protests involved property held by two individuals as tenants-in-common. Only one of the cotenants, however, signed the protest. The court held that a cotenant is not an "owner" for purposes of the ordinance,[3] and thus, in order to have a valid protest, all those owning an interest in the property must sign the protest. Warren, supra, 681.
Additionally, a second protest was filed involving property within the estate of Mary Bukowski. Id., 679. The executrices of the estate, two of the six heirs of the Bukowski property, signed the protest. Id. The court held that an executor is not an "owner" for purposes of the ordinance. The court went on to state that since "[n]othing is said with reference to . . . the wishes of the four other heirs, who signed neither personally nor by agent," the trial court was not in error in excluding the Bukowski protest. (Emphasis added.) Id., 682. Thus, the court suggested that an agent may sign a protest petition on an owner's behalf.
In Ball v. Town Planning and Zoning of Windsor, supra, the defendants, owners of properties in Windsor, applied to the town planning and zoning commission for a change of zone for their CT Page 6047 properties. Thereafter, a protest petition was filed by adjacent landowners. Charles Baranaukas, an adjacent landowner, authorized his son, Gus, to sign the protest petition on his behalf. Id., 402. Gus, however, signed his own name rather than his father's name. Id. The court held that the protest was not valid because the statute requires an owner's signature. Id., 403. The court suggested that had Gus signed his father's name the protest would have been valid. Id., 402-03.
In the instant appeal, the intervenors argue that Robert Peat signed the protest petition as an authorized agent of his wife, Rita Peat, and therefore, his signature is sufficient to represent the entire interest in the Peat Property. Although the case law suggests that an agent may sign a protest on an owner's behalf, the Ball court clearly held that where an authorized agent signs his own name rather than that of the owner, the protest is not valid. Ball, supra, 402-03. The record establishes that Robert Peat signed only his own name. (R.O.R., Item 7). Robert Peat neither signed Rita Peat's name nor designated the fact that he was signing as her agent. (R.O.R., Item 7). Therefore Robert Peat's signature is insufficient to represent Rita Peat's interest in the property and the petition must fail. It is invalid.
In the alternative, the intervenors argue that Rita Peat's subsequent ratification of her husband's action permits the court to find that his signature is sufficient to represent the entire interest in the property. In support of their argument, the intervenors rely on Kirkham v. Finnemore, supra, as well as general principals of agency law.
In Kirkham v. Finnemore, supra, adjacent landowners filed a protest petition against a proposed zone change. The protest involved property owned by Charles and Ora Relay. The protest was only signed by Charles Relay and was not signed by Ora Relay. At the public meeting, a vote was taken, three in favor of the zone change and two against, and the meeting was temporarily postponed to determine the validity of the protest. Id., 39. After a determination that the protest was valid, the zoning commission sustained their 3-2 vote and denied the proposed zone changes. Id., 40.
Thereafter, the applicants for the zone change requested a rehearing, which was granted. Id. Prior to the rehearing, Ora Relay filed a written statement with the commission ratifying the CT Page 6048 acts of her husband, Charles. Id. In addition, a second protest was filed. Id.
The court held that although Charles Relay "was authorized to act as his wife's agent, . . . he had not signed the protest as such;" Id., 39; and "[t]he failure of Mrs. Relay as one of the tenants in common of the Relay property, to sign the [original] protest left that property completely unrepresented upon the protest." Id., 41. The court, however, went on to state that since a rehearing had been granted and final action had not been taken on the application, "[t]he statement filed by Mrs. Relay at [the time of the rehearing] was adequate to complete the original protest and make it effective. . . ." Id., 42.
In the instant case Mrs. Peat did not ratify her husband's action prior to final action of the East Haven Planning and Zoning Commission. The intervenors, however, do not attempt to distinguish Kirkham, aside from the equitable argument that it is unfair for the Peats not to have a chance to ratify because there was no opportunity for a second hearing. Rather, the intervenors ask the court to extend Kirkham, in which the court clearly based its decision on the fact that final action had not yet been taken. Specifically, the intervenors asks the court to import general principals of agency law and find that "subsequently ratification `relates back' in time to when the original act occurred;" (Trial Brief for Intervenors, p. 12); regardless of whether final action has been taken. The court declines the intervenors' invitation to extend Kirkham, for a number of reasons.
First, there are certainly equitable considerations on the part of the plaintiff. The plaintiff has a right to have its application defeated only by a valid protest petition. Stated differently, the intervenors have no right to defeat the application by an invalid petition particularly where the invalidity is of their own making.
Second, Ball clearly stands for the proposition that the signatures of each owner must appear on the petition. Ball, supra, 402. Thus, Mr. Peat would have had to sign Mrs. Peat's name in order for Mrs. Peat to ratify his actions. Absent Mrs. Peat's signature in some form, there simply is nothing to ratify, and the intervenors' ratification argument is moot.
Finally, the court will not adopt the intervenors' argument CT Page 6049 and, by way of judicial gloss, permit the enlargement of the filing deadline succinctly set forth in General Statutes 8-3(b) wherein it is stated that the protest petition must be filed "at or before a hearing with the zoning commission." General Statutes 8-3(b). There are several compelling public policy reasons which prohibit such an expansion. The need for the orderly function of governmental bodies to engender the public trust and the need for finality so citizens can thereafter regulate their own affairs accordingly both militate against the intervenors' arguments.
Without the requisite signatures the protest petition is invalid. Accordingly, the appeal is sustained. Since absent a valid protest petition the Commission vote was sufficient to pass the application, upon remand to the Commission, hereby ordered, the application should be granted unless some further action is required before the application is granted.
Joseph A. Licari, Jr., Judge