[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 2, 2000, the Town of Somers Zoning Commission (Commission) issued a site plan approval to the First Merchant Group, L.P., for construction of a building at a site on Main Street in the town of Somers, Connecticut. On November 21, 2000, the plaintiffs appealed the decision of the Commission to the Superior Court. First Merchants Group, L.P. moved to dismiss counts three and four of the revised complaint under the exhaustion of administrative remedies doctrine.[1]
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim." (Citations omitted; internal quotation marks omitted.) Johnson v. Dept. of PublicHealth, 48 Conn. App. 102, 107-108, 710 A.2d 176 (1998).
The defendant alleges that the plaintiffs failed to exhaust their administrative remedies by appealing the decision of the Commission directly to the Superior Court before appealing the matter to the Somers CT Page 9704 Zoning Board of Appeals (ZBA). The plaintiffs argue that the Somers Zoning Regulations do not permit an appeal to the ZBA from an enforcement decision of the Commission. Their claim is that under the Somers Zoning Regulations the ZBA can hear appeals only from enforcement decisions and orders entered by the Zoning Enforcement Officer. It is noteworthy that while the plaintiffs disagree with and seek to contest the Commission's decision to approve the site plan application, they do not claim that the Commission lacked the authority to make that enforcement decision.
The issues argued by the plaintiffs in their written and oral response to the motion to dismiss are: (1) The Somers Zoning Regulations do not require an appeal of a site plan approval to the ZBA; (2) Section 8-8 of the Connecticut General Statutes preempts any municipal regulation requiring that the site plan approval of a zoning commission to be appealed to the ZBA; (3) a municipal regulation requiring a site plan approval be appealed to the ZBA is unconstitutional. The parties to this action have agreed that the court needs to review the Somers Zoning Regulations in deciding this motion and they have provided the court with a copy of said Regulations.
 I
In order to determine whether the Somers ZBA had jurisdiction to hear the plaintiff's appeal from the Commission's approval of the site plan, the court must first examine the particular regulations at issue."Castellon v. Board of Zoning Appeals, 221 Conn. 374 (1992).
In Leo Fedus Sons Construction Co. v. Zoning Board of Appeals,27 Conn. App. 416 (1993), and in Borden v. Planning Zoning Comm.,58 Conn. App. 399, 406 (2000), the Connecticut Appellate Court addressed the issue of administrative appeals to the town ZBA in cases involving site plan enforcement actions by town zoning commissions. In Leo Fedus Sons Construction Co. v. Zoning Board of Appeals, the town zoning regulations provided that "[a]ny person may appeal to the Zoning Board ofAppeals when it is alleged that there is an error in any order,requirement, or decision made by the Commission or Zoning EnforcementOfficer related to the enforcement of these regulations. (Emphasis added) at 420. Likewise, in Borden v. Planning Zoning Comm. the town zoning regulations entitled "Appeals and Variances" provided in relevant part: "As provided in Section 8-6 of the Connecticut General Statutes, anyperson who claims that there is an error in any order, requirement, ordecision made by the Commission or its agent in the enforcement of theseRegulations may appeal such action to the Zoning Board of Appeals. . . ." (Emphasis added) at 408. In both of these cases the Appellate Court held that when a zoning commission acts to approve or deny a site plan application its decision constitutes an enforcement of the regulations and CT Page 9705 therefore, in those cases, the plaintiff could appeal the decision to the Zoning Board of Appeals under the regulations cited.
In comparison, Section 12-114 of the Town of Somers Zoning Regulations, entitled "Appeals," provides that, "Any person or any officer, department, board or bureau of the Town of Somers, aggrieved byany action of the Commission or any authorized agent thereof may appeal such action to the Zoning Board of Appeals in accordance with Section 8-7
of the Connecticut General Statutes, as amended." (Emphasis added) The language of this regulation is even broader and more inclusive than the regulations contained in the Borden and Fedus cases as it permits appeals to the ZBA from any action of the Commission, not just enforcement actions.
In Castellon v. Board of Zoning Appeals, supra, the Supreme Court placed great emphasis on the fact that the zoning regulations of the town were "replete" with references to the zoning enforcement officer as the official charged with the responsibility of enforcing the applicable regulations, and that the zoning regulations involved in that case were different from the regulations in a predecessor case, Conto v. ZoningCommission, 186 Conn. 106 (1982).
 "Conto, therefore, turned on two critical factors: (1) our reading of the local regulations as vesting the enforcement power in the commission itself, rather than in a zoning enforcement officer, and thus the implicit designation by those regulations of the commission as the enforcement "official" within the meaning of 8-6; and (2) 18.1.1 of the . . . regulations, which specifically provided for resort to the zoning board of appeals to rectify "an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Castellon v. Board of Zoning Appeals, supra at 380.
The Town of Somers Zoning Regulations specifically gives the power and duty to enforce and administer the zoning regulations to "the Commission or its duly appointed agent." Article XVIII of the Somers Zoning Regulations, entitled Administration and Enforcement, states: "The provisions of these regulations shall be administered and enforced by the Somers Zoning Commission or its duly appointed agent as provided by these regulations." Section 214-100. Notwithstanding Section 214-108, which orders the Zoning Enforcement Officer to enforce and administer the regulations, the Somers Zoning Regulations are replete with the phrase "the Commission or its authorized agent" when describing administrative and enforcement actions. For example, as to site plan enforcement CT Page 9706 decisions, Section 214-101(F)(1) provides, "[w]henever the approval of a site plan is the only requirement to be met or remaining to be met under these regulations for a proposed building, use or structure, the Commission or its duly designated agent shall render a decision on any application for approval of such site plan . . ." Section 214-101(F)(2) goes on to state that "the Commission or its designated agent may either . . . deny the site plan as submitted, modify and approve the site plan or approve the site plan as submitted."
Moreover, the Somers regulations make it clear that it is the Commission, not the Zoning Enforcement Officer, which ultimately issues permits and approves or denies site plan applications. "Following the issuance of a zoning permit or special use permit or the approval of a final site plan by the Commission, no changes or alterations may be made in such permit or site plan except by approval of the Commission . . ." (Emphasis added) § 214-106.
The court finds that based upon Connecticut case law and the facts of this case the Commission was acting as an enforcing agent when it approved the site plan application for this case. Conto v. ZoningCommission, supra at 109-110; Borden v. Planning And Zoning Commission,
supra at 408.
Appeals from decisions of the Commission or its Zoning Enforcement Officer to the ZBA are authorized in Sections 214-110 and 214-212 of the zoning regulations. § 214-110 provides that the ZBA has the powers and duties:
 A. To hear and decide appeals where it is alleged that there is an error in any order, requirements or decision made by the official charged with the enforcement of these regulations.
 B. To hear and decide all matters which it is required to pass by these regulations.
Section 214-112 the zoning regulations, entitled "Appeals", states that:
 Any person or any officer, development board or bureau of the Town of Somers, aggrieved by any action of the Commission or any authorized agent thereof, may appeal such action to the Zoning Board of Appeals in accordance with Section 8-7 of the Connecticut General Statutes.
It is clear to the court that the Somers Zoning Regulations authorize CT Page 9707 and provide for an appeal of decisions of the Commission to the Zoning Board of Appeals, and that this administrative remedy was available to the plaintiffs before they appealed to the Superior Court.
 II.
The plaintiff's next claim that Section 8-8 of the General Statutes preempts any municipal zoning regulations restricting the plaintiff's right of appeal to the Superior Court. The plaintiffs are mistaken.
Section 8-8 of the General Statutes prescribes the procedure for appealing decisions of various municipal boards, including zoning commissions and zoning boards of appeals, to the Superior Court. Section8-10 of the General Statutes declares that the provisions of § 8-8
"shall apply to appeals from zoning boards of appeals, zoning commissionsor other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."(Emphasis added) See: Weinstein v. Zoning Board, 214 Conn. 400
(1990). As stated by our Supreme Court, "[i]t is clear that 8-10 does not intend to prohibit local arrangements by which a commission decision may be appealed to a board of appeals, so long as review by the Superior Court is ultimately available." Conto v. Zoning Commission, 186 Conn. 106
(1982).
In this case, an aggrieved party could have appealed the site plan decision of the Commission to the ZBA, which is the final zoning authority for the Town of Somers. Thereafter, having exhausted administrative remedies, an appeal by the aggrieved party to the Superior Court would have been permitted pursuant to statute.
 III.
Finally, the plaintiff's claim that any limitation by the Town of Somers on their right to appeal to the Superior Court would violate theirFifth and Fourteenth amendment rights under the United States Constitution as well as the provisions of Article First, Sections 1, 10,11, and 20 of the Constitution of the State of Connecticut. The court disagrees.
There is no evidence that the Somers Zoning Regulations in any way limited the plaintiff's right to appeal to the Superior Court. The right to appeal from the decision of an administrative decision is statutory in CT Page 9708 nature, and it is the General Statutes which set forth the procedures and criteria under which such an appeal is permitted. Included among those criteria is the requirement that the plaintiff exhaust all available administrative remedies before bringing an appeal to the Superior Court. § 4-183 C.G.S. Had the plaintiffs pursued the administrative remedies set forth in the Somers Zoning Regulations they could have thereafter exercised their statutory right to appeal an adverse decision of the ZBA to the Superior Court. They chose not to do so.
The plaintiff's constitutional claims are without merit. The court finds that the enactment of zoning regulations by the Town of Somers, which are in conformity with the General Statutes, did not infringe upon the constitutional due process or equal protection rights of the plaintiffs.
The plaintiffs failed to exhaust their administrative remedies before appealing to the Superior Court, thus depriving this court of subject matter jurisdiction. Accordingly, the motion to dismiss is granted.
Terence A. Sullivan Superior Court Judge