PARK CITY HOSPITAL *v.* COMMISSION ON HOSPITALS
AND HEALTH CARE ET AL.
(13439)

HEALEY, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued January 12—decision released April 18, 1989

*Sigmund L. Miller,* with whom was *George P. D'Amico,* for the appellant (plaintiff).

*Paul J. Lahey,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, *Joseph I. Lieberman,* former attorney general, and *Robert E. Walsh* and *Richard J. Lynch,* assistant attorneys general, for the appellee (named defendant).

*Arnold Sbarge,* with whom was *Ellen Conway,* for the appellee (defendant Medical Management Corporation).

COVELLO, J. This is an appeal from a decision of the commission on hospitals and health care (commission). Examination of the record discloses that on November 17, 1982, the defendant Medical Management Corporation (MMC) filed a request with the commission pursuant to General Statutes § 19-73m,[1] to establish

[1] General Statutes (Rev. to 1981) § 19-73m, as amended by Public Acts 1982, No. 82-415, provides in part: "[A]ny health care facility or institution . . . proposing a capital expenditure . . . having a cost exceeding limits set by the Secretary of Health and Human Services . . . shall submit a request for approval of such expenditure to the commission . . . ." This section was subsequently transferred to Chapter 368c of the General Statutes, § 19a-155.

an ambulatory surgical center (Surgicenter) in Bridgeport. The commission conducted hearings on MMC's application on December 21, 22 and 23, 1982. On January 3, 1983, the commission issued its decision approving MMC's application for the Surgicenter. On January 31, 1983, the plaintiff, Park City Hospital, appealed this decision to the Superior Court pursuant to General Statutes § 19a-158[2] and § 4-183.[3] On March 14, 1985, the defendant commission filed its answer in which it denied that the plaintiff was aggrieved.

On August 7, 1985, the plaintiff applied to the trial court for an order to show cause why a stay of the commission's decision should not be granted during the pendency of this appeal. The plaintiff further sought an order restraining MMC from proceeding further with the Surgicenter while the appeal was pending. The trial court, *Meadow, J.*, granted an ex parte order restraining further implementation of the MMC decision pending the outcome of the plaintiff's application for a stay and a restraining order. On August 9, 1985, the trial court rescinded the ex parte order. On August 12, 1985, the plaintiff filed an amended application for a stay and a restraining order making the further claim that its application to the court was made pursuant to General Statutes § 4-183 (c).[4]

---

[2] General Statutes (Rev. to 1983) § 19a-158 provides in part: "Any health care facility or institution . . . aggrieved by any decision of said commission . . . may appeal therefrom in accordance with the provisions of section 4-183, except venue shall be in the judicial district in which it is located."

[3] General Statutes (Rev. to 1983) § 4-183 provides in part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter . . . .

"(b) Proceedings for such appeal shall be instituted by filing a petition in superior court . . . ."

[4] General Statutes § 4-183 (c) provides: "The filing of the petition does not of itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms."

On August 15, 1985, hearings commenced on the plaintiff's application for a stay. At that time, the trial court, *Burns, J.,* declared that the proceedings would also embrace the jurisdictional issue of the plaintiff's aggrievement even though no motion to dismiss the appeal was in the file. The hearing was continued to August 27, 1985, and ultimately concluded on October 15, 1985, at which time the parties were given an opportunity to file briefs. On March 5, 1986, the plaintiff withdrew its application for a stay. On March 7, 1986, the trial court filed its memorandum of decision in which it concluded that the plaintiff had not established that it was aggrieved. Since aggrievement is a prerequisite for an appeal to the Superior Court, the trial court concluded that it was without jurisdiction to entertain the appeal and, therefore, dismissed the action. On the plaintiff's appeal, the Appellate Court (one judge dissenting) found no error in the trial court's proceedings. *Park City Hospital* v. *Commission on Hospitals & Health Care,* 14 Conn. App. 413, 542 A.2d 326 (1988). We thereafter granted certification limited to the issue of whether the Appellate Court erred in affirming the trial court's dismissal suo motu of the plaintiff's appeal for lack of aggrievement as incident to the plaintiff's application for a stay of execution. We affirm the decision of the Appellate Court.

The plaintiff first argues that its application for a stay of execution and temporary restraining order was preliminary in nature and akin to a proceeding for a temporary injunction. As such, it was not necessary to take up the matter of aggrievement and ultimately to dismiss the appeal. We agree that it was not necessary at this stage in the proceedings to take up the matter of aggrievement but conclude that the court was not in error in doing so.

An application for a stay of execution of an order during the pendency of an appeal calls upon an exercise

of the trial court's general equitable powers. "These considerations [in granting a stay] involve essentially the application of familiar equitable principles in the context of adjusting the rights of the parties during the pendency of litigation until a final determination on the merits. See *Stocker* v. *Waterbury,* 154 Conn. 446, 451, 226 A.2d 514 (1967); *Sisters of St. Joseph Corporation* v. *Atlas Sand, Gravel & Stone Co.,* 120 Conn 168, 176–77, 180 A. 303 (1935)." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 196 Conn. 451, 458, 493 A.2d 229 (1985). "Among the 'equities' to be placed on the scales, of course, are the general equitable considerations which are involved in the issuance of a temporary injunction to preserve the status quo pendente lite." Id., 460.

While § 4-183 (c) authorizes either the administrative agency or the reviewing court to grant a stay "upon appropriate terms," the Superior Court's exercise of its equitable powers in such instances is in fact much broader, being derived from General Statutes § 52-1. This latter provision authorizes the Superior Court to "administer legal and equitable rights and apply legal and equitable remedies in favor of either party in one and the same civil action [including administrative appeals][5] so that legal and equitable rights of the parties may be enforced and protected in one action." The Superior Court's jurisdiction to act upon an application for a stay and a restraining order, being derived from its general equitable powers as enumerated in § 52-1, did not require the court to determine whether it was dealing with an aggrieved party as a predicate to exercising jurisdiction over the stay proceedings.

[5] Practice Book § 256 provides in part: "For purposes of these rules, administrative appeals are civil actions. Whenever these rules refer to civil actions, actions, civil causes, causes or cases, the reference shall include administrative appeals . . . ."

This is not to say, however, that the court was in error in deciding the issue of aggrievement at this stage in the proceedings.

"Appeals to the courts from decisions of administrative officers exist only under statutory authority. *Sheridan* v. *Planning Board,* [159 Conn. 1, 10, 266 A.2d 396 (1969)]; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160 [1954]; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172 [1946]." *Nader* v. *Altermatt,* 166 Conn. 43, 53, 347 A.2d 89 (1974). In this instance, the statutory authority is General Statutes (Rev. to 1983) § 4-183 (a) which provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is *aggrieved* by a decision in a contested case is entitled to judicial review by way of appeal . . . ." (Emphasis added.) We have stated that "[p]leading and proof of aggrievement [is] . . . a prerequisite to the trial court's *jurisdiction* over the subject matter of the plaintiff's appeal. *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 501, 264 A.2d 566 [1969]; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 509, 242 A.2d 705 [1968]." (Emphasis added.) *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978).

Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss.[6] However, "[w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, *the court can dismiss the proceeding upon its own motion.*[7] *Marcil*

---

[6] Practice Book § 142 provides in part: "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

[7] Practice Book § 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found *after suggestion of the parties or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.)

v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411 [1932]; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138 [1935]; *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491 [1951]; see *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832 [1958]." (Emphasis added.) *Masone* v. *Zoning Board,* 148 Conn. 551, 554, 172 A.2d 891 (1961). Thus, although a threshold determination of aggrievement was not necessary in order to take up the application for a stay of execution, the trial court was well within its authority to do so, inasmuch as such a determination impacted upon the court's ultimate jurisdiction to hear the appeal.

The plaintiff further claims that it was not given adequate notice that the court was going to consider the matter of aggrievement thereby implicating constitutional questions of procedural due process. We do not agree that this was the case.

The trial court disclosed to the parties on August 15, 1985, that it was going to consider the matter of aggrievement and the court's possible lack of subject matter jurisdiction to entertain the plaintiff's appeal.[8]

---

[8] At the proceedings on August 15, 1985, the trial court stated: "It's a jurisdictional matter. Unless there is a finding of aggrievement, the court is bound by the numerous cases, the *Baldwin Piano [& Organ Co.* v. *Blake,* 186 Conn. 295, 441 A.2d 183 (1982)] case, if you will, and numerous others that unless the court can make a finding that the plaintiff is aggrieved, and [that] has been alleged in the amended application [for a stay], as well as in the original application, as well as in the original appeal . . . I take the position, which may be a strict constructionist, if you will, the court has no jurisdiction to render any relief whatsoever, has no jurisdiction to address the issue in chief, and has no authority to grant any relief ancillary thereto by way of stay. . . . [N]umerous cases . . . say once the issue has been raised, and the court can raise it suo motu with respect to the jurisdiction matter . . . that has to be decided before I can take one further step. . . .

"I don't think I can differentiate between aggrievement for the purpose of this hearing, and aggrievement for the purpose of the hearing in chief, if you will. I go back to what I said before about being a strict constructionist on jurisdictions. I think the cases are quite clear that I cannot take

The plaintiff made no objection. Thereafter, the question of aggrievement was pursued not only on August 15, but also in subsequent court proceedings held on August 27 and October 15, 1985. The parties were given an opportunity following the hearings to file briefs on the issue.

In view of the trial court's more than adequate notice, and a full and meaningful opportunity thereafter to be heard on the merits of the aggrievement issue, we conclude that the plaintiff's due process claim is simply without merit. See *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 176–77, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985).

The decision of the Appellate Court is affirmed.

In this opinion HEALEY, GLASS and HULL, Js., concurred.

CALLAHAN, J., dissenting. I agree with Judge Bieluch's dissenting opinion in *Park City Hospital* v. *Commission on Hospitals & Health Care,* 14 Conn. App. 413, 420–25, 542 A.2d 326 (1988). The hearing on the plaintiff's application for a stay of the commission's action was neither the time nor the place to determine definitively the question of aggrievement. Aggrievement could and should have been considered by the trial court when balancing the equities to determine whether it would grant the plaintiff's application for a stay. It was, however, procedurally incorrect and fundamentally unfair to dismiss the plaintiff's appeal for failure to prove aggrievement at this stage of the proceedings.

one step further unless an issue of jurisdiction has been resolved, and I have no jurisdiction to hear the matter unless aggrievement has been established. . . .

"I raised the issue of aggrievement. It was raised in the pleadings, and I would presume that that would be the first order of business, to get something on the record concerning aggrievement."