[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an injunctive action wherein the plaintiff seeks to CT Page 3602 disqualify the low bidder on a construction job, and award the job to the plaintiff.
The present action arises out of an invitation to bid issued by the Department of Public Works for the State of Connecticut (hereinafter "DPW"), on July 26, 1991, seeking bids for the roof replacement for the Bridgeport Correctional Center. The DPW awarded this contract to L M Company, which was the lowest bidder. On November 25, 1991, the plaintiff Premier Roofing Company, Inc., the second lowest bidder, filed a complaint and an application seeking a temporary injunction against the defendant, DPW. On February 3, 1992, the plaintiff filed an amended complaint naming as defendants the DPW, L M Company, and the Department of Consumer Protection for the State of Connecticut (hereinafter "DCP").
The dispute arises out of the activities of the plaintiff following the award of the job to the low bidder. A letter attached to plaintiff's amended complaint from the DPW to the plaintiff dated October 29, 1991, recites that it was DPW's opinion, concurred in by the State Building Inspector, that the project only involved a roof replacement and nothing structural; and therefore, did not bring into play the "threshold limit" in C.G.S. 20-341gg.
A second letter attached to plaintiff's complaint is a letter from the Commissioner of the Department of Consumer Protection (DCP) dated July 24, 1991. This letter was in response to plaintiff's letter to the Commissioner of DCP requesting an opinion from DCP on two issues presented by the plaintiff. The Commissioner of DCP, based upon the information provided by the plaintiff, gave a conflicting opinion, from that of DPW, that the threshold limits contained in C.G.S. 29-27bb apply to existing structures.
The plaintiff alleges in its amended complaint that the award of the contract to the defendant L M Company violates the invitation to bid and the competitive bidding process because at the time the L M Company filed its bid it was not a General Contractor licensed under Chapter [393] or 593, and therefore was unqualified to bid. The plaintiff further asserts that a General Contractor must be licensed under Chapter [393] or 593 to be qualified to perform the work on the Bridgeport CT Page 3603 Correctional Center because the building meets the "threshold limits" as defined in General Statutes 29-276b.Public Act 91-407 16, the plaintiff alleges, provides that "no person shall engage or offer to perform the work of any general contractor or major subcontractor . . . on any structure or addition that exceeds the threshold limits contained in General Statutes 29-276b unless such person has first obtained a license as required under the provisions of Chapter [393] or 539 or from the department of consumer protection in accordance with the provisions of this section."
The plaintiff seeks several different forms of relief in its complaint ranging from a declaratory judgment to damages. A declaratory judgment is a statutorily created remedy with its own statutory standing requirements. P.B. Sec. 389, 389, "In providing statutory authority for courts to grant declaratory relief, the legislature did not intend' "to broaden their function so as to include issues which would not be such as could be determined by the courts in ordinary actions."'" Connecticut Business Industry Assn., Inc. v. CHHC, 218 Conn. 335,347 (1991), quoting McGee v. Dunnigan, 138 Conn. 263, 267
(1951).
The defendant DPW moves to dismiss this action on four grounds: 1) mootness, 2) standing, 3) exhaustion of administrative remedies, and 4) sovereign immunity. Since we find that the plaintiff does not have standing to maintain this action, this issue is dispositive of this motion.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter the court shall dismiss the action." Practice Book 145. Park City Hospital v. Commission of Hospitals and Health Care, 210 Conn. 697, 556 A.2d 602 (1989).
A motion to dismiss is the proper vehicle to assert that a plaintiff does not have standing to bring an action. Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Ardmare Construction Co. v. Freedman,191 Conn. 497, 501 (1983), citing Hiland v. Ives, 28 Conn. Sup. 243,245 (Super.Ct. 1966). CT Page 3604
The defendant asserts that the plaintiff, as a disappointed bidder for a public contract, does not have standing to challenge the contract award. The plaintiff admits that, under existing case law, an unsuccessful bidder has a very limited right to seek judicial relief, but argues that its claim falls under this limited exception.
"[A] bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted by the municipality, does not give rise to a contract between the parties." Ardmare Construction Co. v. Freedman, supra at 501-02, quoting John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695, 702 (1982) (further citation omitted). "An unsuccessful bidder, therefore, has no legal or equitable right in the contract. Not unlike any other person whose offer has been rejected, the disappointed bidder has no right to judicial intervention." Ardmare Construction Co. v. Freedman, supra, 502 (citations omitted). In Spiniello Construction Co., v. Manchester, 189 Conn. 539 (1983), the court noted that "[i]t is a well established principle that `[m]unicipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest." Id., 543-44, quoting John J. Brennan Construction Corporation, Inc. v. Shelton, supra, 702. That court determined that an unsuccessful bidder had standing under the competitive bidding statute in limited instances. Id. The Spiniello Court held that an unsuccessful bidder has standing where he alleges that "fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials." Spiniello Construction Co., v. Manchester, supra, 544 (citations omitted). In Spiniello, the Court found that the plaintiff, who alleged that the defendant municipality's acceptance of a conditional combined discount bid based upon an oral addendum known only to the Town of Manchester and the successful bidder exhibited favoritism to defendant bidder to whom the defendant municipality awarded the contract. Under the circumstances, the court held that the plaintiff had standing as a disappointed bidder. Id., 542.
The plaintiff alleges in its memorandum of law in opposition to the motion to dismiss that it has standing as a disappointed bidder because it has alleged that "the very objective and integrity of the bidding process has been defeated because of a lack of good faith and just consideration, because the lowest qualified bidder is clearly unqualified under the CT Page 3605 law, irrespective of what the various agencies have stated." The plaintiff further contends that the act of the defendant DPW "in disregarding" the clear words of the statutes involved . . . is a unsurption of the bidding process." The plaintiff cites Unisys Corporation v. Department of Labor, 220 Conn. 689 (1991), in support of its contention that it has standing. The plaintiff argues that the Unisys case is dispositive because the Court found that Unisys had standing to challenge the award of a contract as a disappointed bidder even though it did not actually submit a bid in response to the defendant's invitation to bid.
In Unisys, the Court reversed the lower court's decision that the plaintiff lacked standing. Id., 690. In Unisys the plaintiff alleged in its complaint that the defendant violated the competitive bidding statute because the state engaged in acts of favoritism toward the defendant. The court held that since the plaintiff had alleged facts that the defendant had engaged in favoritism which undermined the competitive bidding statute, then it would have standing under Spiniello and its progeny if it could establish that it would have bid but for the defendant's acts of favoritism and that there was proof of favoritism. Id., 695. The Court reversed and remanded the case to the lower court for an evidentiary hearing on the defendant's motion to dismiss. Id.
Our Supreme Court has held in Ardmare Construction Co. v. Freedman, supra, that a disappointed bidder does not have standing. In Ardmare, the plaintiff's bid was rejected, although it was the lowest numerical bid, because the signature on the bid was placed there by stamp rather then being handwritten. Id., 499-500. The defendant administrative services department had maintained a practice of rejecting bids that were not signed by hand, however, the department had never promulgated any regulations concerning this requirement nor had any prospective bidders been notified of this requirement. Id., 500. The plaintiff alleged that this unknown practice of rejecting bids which were not signed by hand was arbitrary and capricious and undermined the integrity of the bidding process. Id., 50. The Court held that the plaintiff-bidder did not have standing.
 We are unable to agree with the trial court that the commissioner's actions so undermined the competitive bidding process as to fall within the exception recognized in Spiniello. There was no allegation of fraud or favoritism, nor was either proven. The plaintiff attempted to establish only that the practice was so arbitrary as to undermine the bidding statute. This case, however, involves none of the factors we considered significant in CT Page 3606 Spiniello. There the municipality had imparted information to one bidder that it had not provided to other bidders. Thus, parity of information no longer existed along the bidders as envisioned by the statute. In this case, however, the commissioner had not informed any bidder of its requirement. The construction company which received the contract award was not given any special advantage over the plaintiff in submitting its bid, nor was it privy to any secret information.
 Noticeably absent in this case are elements traditionally thought to undermine the competitive bidding process. The commissioner did not apply its requirement inconsistently or in a discriminatory fashion. Nor was there any proof that the commissioner was acting in bad faith. In short, the commissioner made a good faith interpretation of the competitive bidding statute requirements, and applied it in a consistent fashion. Id., 506
The reasoning behind the Court's decision in Unisys, that a non-bidder could have standing, was not based upon the bidder non-bidder distinction, as the plaintiff asserts, but rather on the plaintiff's factual allegations that the defendant displayed favoritism. In the present case, the plaintiff has not alleged favoritism or corruption. At most, the plaintiff has alleged that the defendant Department of Public Works has misinterpreted a statute. In a sense, the plaintiff presents a problem between the statutory interpretation given by the DPW and the State Building Inspector on the one hand, and the DCP ruling on an issue presented solely by the plaintiff without an opportunity to challenge the presentation by L M Company on the other hand. In the present case, like in Ardmare, "The construction company which received the contract award was not given any special advantage over the plaintiff in submitting its bid nor was it privy to any secret information." Ardmare, supra, 506. On its face, the plaintiff's claim does not allege sufficient facts to allow it to have the limited standing that the Spiniello court has provided to disappointed bidders. The plaintiff lacks standing and therefore the court lacks subject matter jurisdiction to hear this action.
Accordingly, DPW's motion to dismiss is granted.
ARONSON, J. CT Page 3607