[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The issue in this matter is whether defendant's motion to dismiss should be granted. CT Page 6111
The complaint in this matter, filed February 3, 1992 by plaintiff Brenda Valalik, alleges the following facts. In June of 1990, the defendant, Stevens Lincoln Mercury, Inc. d/b/a Stevens Chrysler Plymouth, entered into a contract with the plaintiff to repair the plaintiff's automobile. The contract was formed subsequent to a complaint the plaintiff had made regarding smoke she had seen under the hood of her vehicle and an odor of gasoline noticed when opening the hood.
The complaint alleges that the defendant breached the contract by failing to repair the plaintiff's vehicle, as evidenced by the alleged fact that the vehicle exploded on June 30, 1990.
On March 13, 1992, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Accompanying the motion is a supporting memorandum of law. The record reveals that nothing has been filed in opposition to this motion.
A motion to dismiss may properly be used to contest a court's lack of subject matter jurisdiction. Park city Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697,556 A.2d 602 (1989). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." State v. Carey, 22 Conn. 299, 304, ___ A.2d ___
(1992).
The defendant claims that the plaintiff has agreed, under the terms of an insurance policy with Amica Insurance company, "to allow her insurer to use her name in any recovery action to recoup amounts paid to her as an assured." Memorandum in Support of Motion to Dismiss, p. 1. The defendants also claim that this court lacks jurisdiction over the parties due to an agreement by defendant's insurer to have such matter determined by Nationwide Inter-Company Arbitration.
It is clear that since neither of the defendant's claims concern the authority of this court to adjudicate this controversy; State v. Carey, supra; the defendant does not raise subject matter jurisdiction matter in this motion to dismiss. It is accordingly found that the defendant's motion to dismiss the plaintiff's complaint should be denied, and as denied.
WILLIAM J. McGRATH, JUDGE