[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CT Page 10716
In its second special defense the defendant claims that this court lacks personal jurisdiction over the defendant and that the court should decline jurisdiction pursuant to the doctrine of forum non conveniens. The plaintiff moves to strike this special defense pursuant to Practice Book section 152 (5) which states that the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." The plaintiff claims that the defendant consented to the jurisdiction and venue of this court and waived its claim of forum non conveniens by its failure to file its motion to dismiss within thirty days from the date of its appearance. The plaintiff also claims that the special defense is unresponsive and therefore, legally improper and irrelevant. The defendant failed to submit counter memoranda or appear at short calendar to oppose the plaintiff's motion to strike.
"An examination of the purpose and history of the special defense rule . . . helps clarify its effect. "Pawlinski v. Allstate Insurance Company, 165 Conn. 1, 6, 327 A.2d 588 (1973). "The purpose of requiring affirmative pleading is to apprise the court and opposing party of the issues to be tried and to prevent concealment of the issues until the trial is under way." Gauvin v. New Haven,187 Conn. 180, 185, 445 A.2d 1 (1987). See also Pawlinski v. Allstate Insurance Company, supra, 6. "When the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case, a special defense is required." Sidney v. DeVries, 18 Conn. App. 581, 586, (1989).
The defendant is seeking to assert his claim that the court lacks personal jurisdiction pursuant to the doctrine of forum non conveniens. This issue would not be tried to the court. Furthermore, this motion is not the proper vehicle to challenge the court's personal jurisdiction. The proper procedure is by way of a motion to dismiss pursuant to Practice Book Section 143. Park City Hospital v. CT Page 10717 Commission of Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). However, the defendants motion to dismiss was untimely filed; therefore, the defendant has consented to the in personam jurisdiction of this court. Practice Book section 142.
Thus, the plaintiff's motion to strike the defendant's second special defense is granted.
LEHENY, J.