[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Antoinette Daddio, filed a complaint on June 29, 1992, alleging in a single count that she suffered damages arising out of a fall occurring at the Holiday Inn Hotel in Cancun, Mexico. The plaintiff alleges that her damages are a result of the creation of a nuisance which the defendant, Holiday Inns, Inc. failed to remove.
Before the court at this time is a motion to dismiss the action based on a lack of personal jurisdiction. As required by Practice Book Section 143, the defendant has filed a memorandum in support of its motion to dismiss, supported by the affidavit of Roy Flora, the Director of Business Relations of Holiday Inns., Inc. The plaintiff has not filed a memorandum or affidavit in opposition, and offered no evidence at the hearing on the motion to dismiss.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority, 195 Conn. 682,686, 490 A.2d 509 (1985).
Analysis of a procedural challenge to personal jurisdiction over a . . . foreign corporation is a two-step process. Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). The court must first inquire whether the long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. If the statute is applicable, the court then reaches the question of whether it would offend due process to assert jurisdiction. Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby. United States Trust Co. v. Bohart,197 Conn. 34, 39, 495 A.2d 1034 (1985). Minimum contacts must be present before a court can acquire in personam jurisdiction, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.
In his affidavit, Roy Flora states that the defendant had named CT Corporation as its agent of service of process in the State of Connecticut. Flora further states that the defendant is CT Page 2370 a Tennessee Corporation authorized to do business in the State of Connecticut, and has procured a Certificate of Authority from the Secretary of State's office as required pursuant to General Statutes 33-411(a), which is the statute setting forth methods for obtaining jurisdiction over foreign corporations. Once the defendant has obtained authority from the secretary of state to transact business in this state it is then amenable to service of process, and has consented to personal jurisdiction. Wallenta v. Avis Rent A Car Systems, Inc., 10 Conn. App. 201, 207 (1987).
The next question to be resolved in the two-step analysis is whether the assertion of such personal jurisdiction offends due process. This requires a showing by the plaintiff that these are sufficient "minimum contacts" so as to satisfy due process. Once jurisdiction is challenged, the plaintiff has the burden of proving the facts establishing the requisite minimum contacts. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 459 A.2d 503
(1983).
As indicated above, the plaintiff has filed no memorandum in opposition to the defendant's motion to dismiss, no affidavit setting forth any alleged facts, and offered no evidence at the hearing in an effort to establish minimum contacts. The plaintiff has not satisfied her burden of establishing that jurisdiction based on minimum contacts is present.
Accordingly, the motion to dismiss is granted.
William L. Hadden, Jr., Judge