[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
On February 8, 1993, Richard Carter (hereinafter "plaintiff"), filed a six count complaint against Elm Sheet Metal Heating Company (hereinafter "Elm"), Ronald Dionne and Joseph St. Amant.
Plaintiff alleges that Elm is a closely held corporation and that plaintiff, Dionne and St. Amant each own one-third of the outstanding stock. The present case arises from the alleged termination of plaintiff's employment with the corporation and plaintiff's removal as vice president by defendants Dionne and St. Amant. The complaint states claims of breach of fiduciary duty, breach of an implied contract, breach of a covenant of good faith and fair dealing, tortious interference with contract rights and financial expectations, and intentional infliction of emotional distress. Pursuant to the claim of breach of contract, plaintiff alleges that plaintiff and the individual defendants "embarked upon a corporate venture, in which they expressly or impliedly agreed to do business together in the form of a closely held corporation, under an arrangement in which each would participate in the management and operation of the Corporation's business. . . ." Plaintiff also seeks a dissolution and winding up of the CT Page 1360 corporation.
The defendants filed an answer with special defenses and counterclaims on April 20, 1993. The defendants assert in their first special defense that the court lacks jurisdiction to hear any of plaintiff's claims concerning termination of employment, because plaintiff failed to exhaust available administrative remedies. The defendants' second special defense asserts that plaintiff's failure to file a complaint with the Connecticut Commission on Human Rights and Opportunities (hereinafter "CHRO") deprives the court of jurisdiction to hear any of plaintiff's allegations concerning the termination of plaintiff's employment. The defendants' first and second special defenses are directed to plaintiff's entire complaint. The fifth special defense states that plaintiff's second and third counts are barred by the one-year provision of the statute of frauds. General Statutes 52-550 (a)(5).
On May 5, 1993, plaintiff filed a motion to strike the defendants' first, second and fifth special defenses. Plaintiff filed a memorandum of law in support of the motion to strike. On May 19, 1993, the defendants filed a memorandum in opposition to plaintiff's motion to strike the special defenses.
A. First and Second Special Defenses.
The defendants claim in their first and second special defenses that the court lacks jurisdiction to address all of plaintiff's claims, except the dissolution and winding up, because the plaintiff has failed to exhaust the available administrative remedies. Specifically, the defendants assert that the plaintiff must first pursue the administrative remedies afforded by the CHRO. Thus, the defendants argue that the plaintiff is presently precluded from bringing this action in Superior Court on the ground that the court lacks jurisdiction.
"Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals Health Care,210 Conn. 697, 702, 556 A.2d 602 (1989). However, once CT Page 1361 the issue of subject matter jurisdiction is brought to the attention of the court, regardless of the form of the motion, it must be acted upon. Serrani v. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993).
Plaintiff asserts that no administrative remedies exist in Connecticut for the claims asserted by plaintiff in the complaint. Plaintiff argues that the remedies afforded by General Statutes 46a-51, et seq, titled "Human Rights and Opportunities", are totally inapplicable to the present case in that the CHRO only has jurisdiction over "discriminatory employment practices." Plaintiff claims that the present case involves the relationship between minority and majority shareholders of a closely held corporation and as such is not within the jurisdiction of the CHRO.
Section 46a-82, which sets forth the procedure for obtaining relief from the CHRO, states that any person claiming to be aggrieved by an allegedly "discriminatory practice" may file a complaint with the CHRO. "Discriminatory employment practice" is defined by46a-51 (7), 46a-60, and 46a-81c. These statutory provisions prohibit an employer from discriminating on the basis of an individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability, physical disability or sexual orientation. General Statutes46a-60 (a)(1); 46a-81c(1). The plaintiff's allegations are limited strictly to claims that majority share holders took improper advantage of a minority shareholder, thereby violating the legal rights of the minority shareholder. Plaintiff's allegations do not involve or imply discrimination based on any of the factors enumerated above.
Accordingly, the court has jurisdiction to hear the present case and thus plaintiff's motion to strike the defendants' first and second special defenses is granted.
B. Fifth Special Defense
The fifth special defense pleaded by the defendants states that the second and third counts of plaintiff's CT Page 1362 complaint are barred by the one-year limitation of the statute of frauds. General Statutes 52-550. The defendants do not, however, address the fifth special defense in their memorandum in opposition to plaintiff's motion to strike. Plaintiff moves to strike this special defense on the ground that this provision of the statute of frauds is inapplicable to contracts of uncertain duration.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 91 (1985). A motion to strike "can be filed to contest the legal sufficiency of any answer . . . including any special defense contained therein." (Internal quotation marks omitted.) Yale University School of Medicine/Office of Professional Services v. Wurtzel, 3 Conn. L. Rptr. 520, 521 (April 9, 1991, Mihalakos, J.). A motion to strike admits all facts well pleaded and those facts necessarily implied. Mead v. Burns, 199 Conn. 651, 655, 509 A.2d 11 (1986). The court must construe the facts most favorably to the non-moving party. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
General Statutes 52-550 (a)(5) provides that "[n]o civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged: . . . (5) upon any agreement that is not to be performed within one year from the making thereof . . . ." General Statutes 52-550 (a)(5).
 Under the prevailing interpretation, the enforceability of a contract under the one year provision does not turn on the actual course of subsequent events, nor on the expectations of the parties as to the probabilities. Contracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possibly be completed within a year.
(Emphasis added.) (Internal quotation marks omitted; citations omitted.) Finley v. Aetna Life Casualty Co.,202 Conn. 190, 197, 520 A.2d 208 (1987); see C.R. Klewin, CT Page 1363 Inc. v. Flagship Properties, Inc., 220 Conn. 569, 579,600 A.2d 772 (1991).
Plaintiff has alleged the existence of a contract between plaintiff and the defendants. "Where legal grounds for [a motion to strike] are dependent upon underlying facts not alleged in the [moving party's] pleadings, [the moving party] must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). The characterization of this contract as one of uncertain duration is not properly made by the court on a motion to strike. Instead, the characterization of the contract as either within or outside of the statute of frauds must await the evidence which may be adduced at trial. Thus, plaintiff's motion to strike the defendants' fifth special defense is denied.
DRANGINIS, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 1376