[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Secor, Cassidy McPartland for plaintiff.
Cutsumpas, Collins, Hannafin, Garamella, Jaber Tuozzolo for defendant.
Arvin Gregory Builders (hereafter "Arvin") filed a two count amended complaint seeking both equitable relief and damages against the Town of Brookfield Zoning Commission; Diane Kerwin, the Zoning Enforcement Officer; and the Candlewood Shores Tax District, as a result of the alleged revocation of certain zoning permits. It alleges that since March 5, 1992, it has owned certain lots located in Brookfield, including lots known as "E-13, E-14, E-15 and a portion of E-16." Those lots were included in a CT Page 7029 subdivision application which was submitted in 1969 to the Planning Commission by then owner Housatonic Development Corporation. That subdivision application was approved on March 19, 1970, together with the subdivision map which was ultimately endorsed on March 26, 1970. At the bottom of the subdivision map, next to the words "Health Officer," the following notation is stated: "Approved except lots number E-11-12-13-14-15-16, WR Bowen, 3/24/70." An additional notation was affixed immediately below that entry which recited: "Approved (note exceptions above), Brookfield Planning Commission, F.D. Standt Chairman, 3/26/70."
On or about October 22, 1993, Arvin applied for zoning permits for two parcels: one being for lot "E-15" and a portion of lot "E-16"; and, the second for lots "E-13" and "E-14." Each of these parcels was included in those parcels which received previous subdivision approval. On or about November 18, 1993, Diane Kerwin, the Zoning Enforcement Officer, approved the zoning permits relating to the two parcels. However, after approval, but before delivery, the permits were revoked by Kerwin or the approval was denied citing a written opinion suggesting that Arvin would need further approval from the Planning Commission because the four lots could not be considered "approved" lots in light of the notations contained at the bottom of the subdivision map.
Arvin now claims, inter alia, a writ of mandamus and/or a mandatory injunction directing the Zoning Commission and the Zoning Enforcement Officer (hereinafter "defendants"), to issue and/or reinstate the zoning permits for lots "E-13, E-14, E-15, and E-16." The defendants have filed a motion to dismiss the action based on a lack of subject matter jurisdiction due to Arvin's failure to exhaust its administrative remedies.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process. Zizka v. WaterPollution Control Authority, 195 Conn. 682, 686. The exhaustion doctrine implicates subject matter jurisdiction and, therefore, as a threshold matter, a court must decide whether that doctrine requires dismissal of a plaintiff's claim. Housing Authority v. Papandrea,222 Conn. 414, 421.
The major thrust of the defendants' argument is that Arvin had the right to appeal the revocation pursuant to Secs. 8-6[1] and 8-7 of the General Statutes. Arvin did not invoke its appellate remedy to the Zoning Board of Appeals and, therefore, this court lacks subject matter CT Page 7030 jurisdiction to hear and decide this action. Arvin's response counters that it is not required to invoke the appeal process in this case, for such an appeal would be futile in light of Kerwin's reliance upon on the town counsel's written legal opinion. Therefore, requiring it to appeal the Kerwin's decision "would have served no useful purpose."
"Like any other general rule, the rule of exhaustion of administrative remedies is subject to some exceptions, although we have recognized such exceptions only infrequently and only for narrowly defined purposes."LaCroix v. Board of Education, 199 Conn. 70, 79. One such exception is where the administrative remedy would prove to be futile.Greenwich v. Liquor Control Commission, 191 Conn. 528, 541-542. While true that the courts of this state have never required a party to pursue a remedy that would be futile, "we have never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement. [Citation omitted.] In our cases, we have held that futility is more than a mere allegation that the administrative agency might not grant the relief requested. In most instances, we have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless." Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 559, 560.
The only evidence offered by Arvin in opposition to the motion is the deposition testimony of Kerwin, who, to paraphrase, admits that the only reason her signature approving the subject permits was later removed was the opinion she had received from counsel.[2] However, an unfavorable reply from a board attorney who is outside of the grievance procedure chain does not constitute futility within the context of the exhaustion doctrine and would not justify an appellant's failure to exhaust whatever administrative remedy is available. See Blackwell v. Nast, Superior Court, Judicial District of Stamford/Norwalk at Stamford, No. 125014 (November 30, 1992, Nigro, J.).
Arvin's conclusory assertions that the process available to it would have been useless does not excuse compliance with the exhaustion requirement; Polymer Resources, Ltd. v. Keeney, 227 Conn. 545,562; and the mere fact that "the plaintiffs may lose the next round of their battle is simply not enough" to excuse compliance with whatever administrative remedy is at hand. "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." McManus v. Carothers, Superior Court, Judicial District of New Haven, No. 301731 (August 21, 1990, Gormley, J.). By bypassing the administrative remedy, a plaintiff has not CT Page 7031 only deprived the administrative body of the opportunity to hear, analyze and review a matter within its responsibility and expertise, but has also deprived itself of the opportunity to put on its case and to make a proper record on which to seek judicial relief. Cahill v. Board ofEducation, 198 Conn. 229, 241-242. In this case, Arvin had an adequate administrative remedy pursuant to Secs. 8-1 et seq., wherein a proper record for judicial review could have been secured and pursuance of that remedy may have rendered future judicial review unnecessary.
Arvin has failed to exhaust its administrative remedies and has failed to come within the purview of the futility exception of the exhaustion doctrine. This court, therefore, lacks jurisdiction over this action and the defendants' motion to dismiss is granted.
Moraghan, J.