[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS
The defendants move to dismiss this administrative appeal on the ground that there is no statutory authority for this appeal. Specifically, the defendants argue that the plaintiff appeals from the denial of his petition for a declaratory ruling for which the UAPA does not provide the remedy of an appeal.
The facts are not in dispute. On June 26, 1997, the plaintiff presented the state treasurer with a petition for a declaratory ruling regarding the tax exempt status of certain bonds issued for the Connecticut Resources Recovery Authority (CRRA). On July 2, 1997, the treasurer decided not to issue a declaratory ruling, citing General Statutes §4-176 (e)(5). On July 11, 1997, the plaintiff requested reconsideration of the treasurer's denial and amended his initial petition. On July 17, 1997, the treasurer again decided not to issue a declaratory ruling on the original petition. As to the added requests, the treasurer also decided not CT Page 526 to issue a declaratory ruling, again citing General Statutes §4-176 (e)(5). On July 27, 1997 and July 29, 1997, the plaintiff furthered his request, and on August 1, 1997, the treasurer responded to those letters by declining to issue a declaratory ruling. On August 7, 1997, August 12, 1997 and August 25, 1997, the plaintiff wrote to the treasurer arguing against the treasurer's position. On September 3, 1997, the treasurer responded by reaffirming that he would not issue a declaratory ruling. This appeal followed on September 9, 1997.
General Statutes § 4-176 (e) provides:
 (e) Within sixty days after receipt of a petition for a declaratory ruling, an agency in writing shall: (1) Issue a ruling declaring the validity of a regulation or the applicability of the provision of the general statutes, the regulation, or the final decision in question to the specified circumstances, (2) order the matter set for specified proceedings, (3) agree to issue a declaratory ruling by a specified date, (4) decide not to issue a declaratory ruling and initiate regulation-making proceedings, under section 4-168, on the subject, or (5) decide not to issue a declaratory ruling, stating the reasons for its action.
(Emphasis added.)
The treasurer argues that the denial of a petition for a declaratory ruling is not a final decision as defined in General Statutes § 4-166.[1] The court agrees and finds persuasive the reasoning of Judge Maloney in Town ofNew Milford v. Commissioner of Environmental Protection, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 95 0547864 (September 19, 1995, 15 CONN. L. RPTR. 571) and Arawana Mills Co. v.Commissioner of Environmental Protection, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 93 0528278 (January 4, 1994, 10 CONN. L. RPTR. 588, 9 CSCR 204).[2] Since a denial of a petition for declaratory ruling is not a final decision under General Statutes § 4-166 (3), there is no right to appeal from the treasurer's decision. "Appeals to the courts from decisions of administrative officers exist only under statutory authority."Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697,702 (1989).
There is a remedy for a petitioner when the agency decides not to issue a declaratory ruling. Under General Statutes § 4-175, CT Page 527
 (a) If a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivision (1), (2) or (3) of subsection (e) of section 4-176, within sixty days of the filing of a petition for a declaratory ruling, (2) decides not to issue a declaratory ruling under subdivision (4) or (5) of subsection (e) of said section 4-176, or (3) is deemed to have decided not to issue a declaratory ruling under subsection (i) of said section 4-176, the petitioner may seek in the Superior Court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances. The agency shall be made a party to the action.
The action here was clearly brought as an administrative appeal, and not as a declaratory judgment. See Practice Book § 391. While the plaintiff has argued that this action should be characterized as a declaratory judgment action, in light of the Practice Book rules as promulgated pursuant to General Statutes § 52-29, the court cannot agree. SeeLoSacco v. Young, 20 Conn. App. 6, 12 (1989). Accordingly, the defendants' motion to dismiss is granted.
DiPentima, J.